Richard & Michelle
**THROWER, Appellants,**

v.

**Mrs. Dan P. JOHNSTON, Appellee.**

**No. 05–87–00775–CV.**

Court of Appeals of Texas,
Dallas.

July 5, 1989.

1. A similar struggle is being resumed in China today.

Art Clifton, Plano, for appellants.

William Charles Bundren, Dallas, for appellee.

Before HOWELL, McCLUNG and ROWE, JJ.

OPINION ON REHEARING

HOWELL, Justice.

Our original opinion is withdrawn; the following is now the opinion of the Court.

Richard and Michelle Thrower appeal a default judgment rendered against them in county court, contending that the trial court abused its discretion in refusing to grant appellants a continuance when their attorney had to appear on the same day as a party in another case in another county. For the reasons recited below, we agree. We reverse the judgment and remand for new trial.

Appellee, Mrs. Dan P. Johnston, instituted the present lawsuit to recover rental payments under a residential lease agreement signed by appellants. In the first trial of the case, a jury found in favor of appellants. Subsequently, however, appellee's motion for new trial was granted.

The first setting for a new trial was continued at the request of appellants. A second, special setting was continued at the request of appellee's counsel, who was ill. A third trial date—another special setting—was set for April 1, 1987. Counsel for appellants moved the trial court to reset because he had a conflict with a district court setting in Collin County where he was both counsel and a plaintiff. The trial court overruled appellants' motion to reset, and the case proceeded to a bench trial April 1, 1987. Appellants did not appear because their counsel was unavailable; the trial court thus entered a default judgment.

By a Motion to Vacate Judgment and Grant New Trial supported by the affidavits of two attorneys in the Collin County lawsuit, appellants' counsel further explained to the court why he was unable to appear in the Dallas County lawsuit to represent appellants at 9 a.m. April 1, 1987. The motion recited, in pertinent part:

(1) The first special setting was continued by the court at appellee's request;

(2) The second special setting was obtained by appellee's counsel without conferring with appellants' counsel to determine potential conflicts;

(3) Once the Collin County conflict was discovered, appellants' counsel attempted on two occasions to negoti-

ate an earlier setting acceptable to appellee's counsel to no avail;

(4) Failing to reach an agreement, appellants' counsel on March 19, 1987, filed a Motion for Resetting;[1]

(5) On March 27, 1987, the trial judge denied the motion after a hearing;

(6) Appellants' counsel informed the trial court of his still-preferential Collin County setting on both days prior to the Dallas County trial setting, and told the court that the Collin County judge was reluctant to release any parties or attorneys from that setting;

(7) Appellants' counsel called the trial judge's clerk to inform the court that counsel would attempt to be released from the Collin County case by 11 a.m. on April 1 and would then appear;

(8) Appellants' counsel in fact was released at 11:20 a.m. April 1 and sought to appear for the Dallas County lawsuit; and

(9) The trial judge had already granted a default judgment to appellee and refused to consider appellants' oral motion to vacate.

The affidavits attached to the motion to vacate supported these factual recitals. The motion also alleged that appellants' failure to appear was not due to conscious indifference or negligence, but to "unavoidable circumstances beyond the control of these [appellants]. . . ."

The Texas Rule of Civil Procedure governing continuances for absence of counsel states:

Except as provided elsewhere in these rules, absence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record.

TEX.R.CIV.P. 253. Therefore, in the usual situation, absence of counsel will not be

good cause for a continuance; the denial of a continuance will not be overturned on appeal unless the record discloses a clear abuse of discretion. *State of Texas v. Crank*, 666 S.W.2d 91, 94 (Tex.) (op. on reh'g), *cert. denied*, 469 U.S. 833, 105 S.Ct. 124, 83 L.Ed.2d 66 (1984). On the other hand, the absence of counsel—or at least the lack of counsel—can, in a proper case, be a sufficient ground for a continuance; and, under such circumstances, the denial of a continuance can constitute a clear abuse of discretion. *See, e.g., Villegas v. Carter*, 711 S.W.2d 624 (Tex.1986) (trial court abused discretion in permitting attorney to withdraw two days before trial and thereafter refusing client's request for time to secure another attorney).

Appellee has emphasized to this Court that appellant's motion to reset was unverified. Rule 251 of the Texas Rules of Civil Procedure provides: "[N]or shall any continuance be granted except for sufficient cause supported by affidavit, . . ." Certainly, a motion for continuance should be supported by affidavit; the absence of verification is a substantial consideration. In fact, where a movant fails to support his motion for continuance with an affidavit, we ordinarily presume the court did not abuse its discretion. *See Garcia v. Texas Employers' Ins. Ass'n*, 622 S.W.2d 626, 630 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.). However, the failure of our appellants to support their motion by affidavit was not ipso facto fatal. In *Villegas*, it appears that the request for continuance was neither sworn nor even in writing. *Villegas*, 711 S.W.2d at 625–26. Nevertheless, the Supreme Court found grounds to reverse.

In our case, appellants·were not seeking to delay the proceedings; in fact, they expressed willingness to try the case at an earlier date. Furthermore, although no record was apparently made of the hearing, appellants' motion was argued before the trial court. It seems clear that counsel for appellants personally appeared and argued the merits. Appellee filed no plead-

---

**1.** The Motion for Resetting informed the trial court of the conflicting trial setting in Collin County, as well as the age, nature, and magni-

tude of that lawsuit. It further alleged that appellants would be unjustly prejudiced at that late date by a substitution of counsel.

ing in opposition to appellant's motion for continuance. We can find no indication that appellee presented any objection at the hearing to the want of verification of appellants' motion. Where a party has an opportunity to object to the absence of verification and fails to object, the lack of a verification is generally considered waived. *Cf. Williams v. City of Tom Bean,* 688 S.W.2d 618, 621 (Tex.App.—Dallas 1985, no writ) (not essential that petition be sworn where full and complete hearing held by court); *Galaznik v. Galaznik,* 685 S.W.2d 379, 383 (Tex.App.—San Antonio 1984, no writ) (absence of required verification is a defect which may be waived).

Even further, the want of verification does no more than raise or reinforce the presumption that the trial court committed no abuse of discretion. Considering the information that was provided to the court below of the conflict in district and county court settings, we hold that appellants rebutted the presumption that the trial court did not abuse its discretion, a burden placed upon them by the foregoing rules. *See also Villegas,* 711 S.W.2d at 626; *Garcia,* 622 S.W.2d at 630.

■ Here, we find ample evidence in the record that the trial judge was provided specific and sufficient information concerning counsel's conflicting Collin County special setting in which appellants' attorney was both counsel and a plaintiff, and in which the Collin County judge was reluctant to release the numerous parties and attorneys. Appellants' attorney appeared personally before the court below to answer all inquiries pertinent to the conflict that the court cared to make. On the facts of this case, we hold that the trial judge's denial of appellants' motion to reset was an abuse of discretion under rules 251 and 253 of the Texas Rules of Civil Procedure.

At a minimum, the trial judge should have remained flexible about the 9 a.m. April 1 setting. This case apparently could have been tried, commencing on the afternoon of April 1, 1987, except for the unyielding attitude of the trial court. If the trial court had been unwilling to reset the

case, it could have resolved the matter in other ways, including the carrying of this case from day to day and hour to hour.

We are not unmindful of the frustrations that county-level judges must experience over the fact that attorneys continually seek to put off county-level cases so that they might pursue more lucrative matters, usually in the district courts. However, the plain facts of life reflect that it is the clients who really suffer. Whenever a county-level judge places a lawyer in a position such that he must either forfeit a $500 fee or a $5,000 fee, the lawyer will inevitably find some justification to forfeit the $500 fee. At the same time, the client in the $500–fee case may not be in as good an economic position to forfeit his case as the client in the $5,000–fee case.

Such collisions between courts over the presence of counsel are unnecessary in this age of the telephone. If the trial court considered the immediate trial of this case to be a matter of urgency, it could and should have contacted the district judge in Collin County who was also demanding the presence of appellants' counsel and should have explained the situation. In our experience, when there is direct contact between judges, these impasses can almost always be resolved.

We hold that the trial court clearly abused its discretion when it required counsel to forfeit, not only his right to earn a fee, but the right of his clients to be represented. When counsel was actually present in another court, when counsel fully explained his predicament to the court below, where the court below failed to personally intervene in an attempt to resolve the conflict, and where the court below refused to reinstate the case when counsel obtained his release within two hours after the designated time for his appearance, the court abused its discretion under Texas Rule of Civil Procedure 253.

■ We sustain appellants' point of error one. We need not discuss appellants' remaining points. We reverse the default

judgment and remand for new trial.[2]

---

**2.** Appellee, on rehearing, complains of this Court's original judgment providing that appellants shall recover "costs assessed in this Court and the court below." Appellee also contends that appellants should not have been granted relief from the default judgment because they failed to tender to appellee the costs of the April 1, 1987 trial. *See Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 125 (1939); *Gulf Ins. Co. v. Dunlop Tire & Rubber Corp.,* 584 S.W.2d 886, 888 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.).

The judgment will be amended to provide that costs in the trial court shall abide the final judgment therein. In all other respects, the contention is overruled. Appellants' inability to present their case at trial, which resulted in a post-answer default, was the direct and immediate consequence of the trial court's action in overruling their motion for continuance. Inasmuch as we have found error in that ruling, appellants are excused from culpability for any subsequent default and had no obligation to tender costs.