CV2-008 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 





NO. 3-92-008-CV




DAVID KELLEBREW,



 APPELLANT


vs.





FEATHERLITE PRECAST CORPORATION,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 430,189, HONORABLE JOSEPH HART, JUDGE PRESIDING



 





 The prior opinion and judgment of this Court, dated August 26, 1992, are
withdrawn and the following substituted.

 In three points of error, David Kellebrew appeals from the trial court's judgment
refusing to reinstate his cause after dismissal, and from its denial of two motions for continuance. 
We will overrule all three points of error and affirm the trial court's judgment.



THE CONTROVERSY


 This lawsuit arose out of an accident that occurred in November 1985. Kellebrew
filed suit in October 1987. In January 1989, the court granted Kellebrew's motion to continue
the scheduled hearing on Featherlite's motion for summary judgment. Kellebrew later filed a
motion for continuance on May 16, 1990, based on counsel's being involved in the trial of a federal class action lawsuit. In his brief, Kellebrew states that no order concerning this motion
is in the record. In its brief, Featherlite states that it agreed to the continuance and no order was
issued. (1)

 Featherlite then, by letter, suggested a January trial setting but agreed to
Kellebrew's request for a March setting, notifying Kellebrew on June 21, 1990, that the case was
set for March 4, 1991 (first on docket). On February 20, 1991, eight months after notification
and twelve days before trial, Kellebrew moved for a continuance. The trial court denied the
motion with a notation that the conflicting case setting offered as a reason for continuance had not
been set until December 1990, months after the Featherlite setting in Travis County, and that
counsel failed to move for continuance until well after December. Trial began on March 6, but
resulted in a mistrial during voir dire.

 Featherlite advised Kellebrew that it would seek a setting on either October 7 or
21, 1991. On March 14, 1991, Featherlite sent a letter to Kellebrew notifying counsel of a setting
for October 7, 1991. In the letter Featherlite specifically asked about any conflicting trial settings,
requested the earliest possible notice of any conflicts, and informed Kellebrew that, should he seek
another continuance, Featherlite would advise the judge hearing the motion that, as of the date of
the letter, no conflicts had been brought to Featherlite's or the court's attention. On September
30, 1991, Kellebrew filed a motion for continuance on the basis that a trial in Orange County
would run over into the Travis County setting. The motion for continuance was denied.

 On the day the case was called, Kellebrew appeared with an attorney from the same
firm as his attorney-of-record and again requested a continuance. The continuance was denied
and the case called for trial. Counsel for Kellebrew announced at that time, in open court, that
he would not proceed to select a jury that afternoon, at which time the court dismissed the cause. 
A motion to reinstate was heard on November 13, 1991, and denied.



MOTIONS FOR CONTINUANCE


 In his first two points of error, appellant contends that the trial court erred in
denying his motions for continuance filed on September 30, 1991, and October 7, 1991. The
grant or denial of a motion for continuance is within the sound discretion of the trial court and
will not be reversed unless the record shows a clear abuse of discretion. Yowell v. Piper Aircraft
Corp., 703 S.W.2d 630, 634 (Tex. 1986). The test for an abuse of discretion is whether the trial
court acted without reference to any guiding rules or principles, that is, in an arbitrary and
unreasonable manner. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986). That the reviewing court might decide the matter
differently under similar circumstances does not result in the trial court's having abused its
discretion. Downer, 701 S.W.2d at 242. We view the evidence in the light most favorable to
the action of the trial court and indulge every presumption in its favor. Sims v. State, 816 S.W.2d
502, 508 (Tex. App.--Houston [1st Dist.] 1991, writ denied).

 A more detailed statement of the test for "abuse of discretion" is: (1) whether the
trial court's exercise of discretion was legally erroneous; and (2) if it were, whether the impact
of the error requires reversal. Reyna v. Reyna, 738 S.W.2d 772, 774 (Tex. App.--Austin, 1987,
no writ). Error can also occur if a court exercises its discretion without sufficient facts from
which it may make a rational decision. Id. Error can occur if the court makes an erroneous
choice as a matter of law by: (1) making a choice that was not within the range of choices
permitted the court by law; (2) arriving at a choice in violation of an applicable legal rule,
principle, or criterion; or (3) by making a choice that was legally unreasonable in the context in
which it was made. Id. at 775. Such a choice may occur if the trial court fails to consider legally
relevant evidence, unreasonably exaggerates a legally relevant factor, or rests its determination
on a factor that the court is forbidden by law to consider. Landon v. Jean-Paul Budinger, Inc.,
724 S.W.2d 931, 939-40 (Tex. App.--Austin 1987, no writ). 

 The rule governing absence of counsel as a ground for continuance says:



Except as provided elsewhere in these rules, absence of counsel will not be good
cause for a continuance or postponement of the cause when called for trial, except
it be allowed in the discretion of the court, upon cause shown or upon matters
within the knowledge or information of the judge to be stated on the record.



Tex. R. Civ. P. 253 (emphasis added). The absence of counsel must not be due to the fault or
negligence of the party requesting the continuance. State v. Crank, 666 S.W.2d 91, 94 (Tex.),
cert. denied, 469 U.S. 833 (1984).

 We now consider whether the denial of the continuances was an abuse of discretion. 
In this case, in March 1991, Featherlite's attorney specifically requested that Kellerbrew notify
him at the earliest possible moment of any conflicts, given the previous history of conflicts with
settings for Featherlite's case. The record shows that as of the date of receipt of the letter
notifying Kellerbrew of the Travis County setting, no conflict was disclosed.

 After waiting approximately seven months, Kellerbrew's counsel requested a
continuance of the Featherlite trial. Counsel explains he was trying a case in Orange County that
could not be continued. (2) However, what counsel does not explain is what steps, if any, he took
between March of 1991 and September 30, 1991, to resolve the conflict before requesting
additional continuances in Travis County. The docket sheet from Orange County attached to the
motion for reinstatement suggests that a continuance was granted in that case on May 30, 1991,
with a reset date in July. The next entry shows various actions on September 30, 1991, with no
explanation for the resetting from July. The docket sheet also shows the Orange County case had
already been dismissed and reinstated. 

 The actual or potential availability of another attorney from the same firm has been
considered as a factor in denying continuances. The record does not show why another attorney
from the firm could not have handled one or the other matter, other than client preference. (3) See
Rabe v. Guaranty Nat'l Ins. Co., 787 S.W.2d 575, 579 (Tex. App.--Houston [1st Dist.] 1990, writ
denied); Dover Corp. v. Perez, 587 S.W.2d 761, 766 (Tex. Civ. App.--Corpus Christi 1979, writ
ref'd n.r.e.), supp. op. on remittitur, 591 S.W.2d 547 (1979, no writ). Kellebrew relies on Dancy
v. Dagget, 815 S.W.2d 548 (Tex. 1991) (orig. proceeding) to support the proposition that he had
an absolute right to be represented by the particular attorney of his choice from that firm. Dancy
is distinguishable, however, and does not stand for the proposition cited. In Dancy, a hearing was
set on temporary orders in Dancy's divorce. After that setting, a criminal case was set. The
attorney promptly filed a motion to reset the divorce hearing and the divorce case was reset. The
attorney appeared in the criminal case, which was continued to the next day, the day of the
divorce setting. There is no indication in the opinion that the resetting of the criminal case was
due to any action on the part of Dancy's counsel. The court did not simply dismiss the case for
failure to appear, but rather adjudicated on the merits. The trial court violated a local rule
regarding conflicts in trial settings. The supreme court held that, under these circumstances, it
was an abuse of discretion to try the case. There was no indication in the case that any other
attorney was available to represent the client. There is also no indication of the same history of
delays.

 Given the history of delays and continuances, given that appellee's counsel had
requested early notification of conflicts, and given that counsel did little or nothing in advance to
avoid the conflict, the court had adequate facts from which it could rationally conclude that
absence of appellant's counsel was due to fault. It was not an abuse of discretion to deny the
continuance. Cf. Thrower v. Johnston, 775 S.W.2d 718 (Tex. App.--Dallas 1989, no writ) (abuse
of discretion found when: case set by appellee's counsel without attempt to determine potential
conflicts; as soon as conflict discovered, appellant's counsel attempted to negotiate earlier setting;
and all trial court had to do to resolve conflict was to reset case for an afternoon, rather than
morning start on the first day of trial). (4) We overrule points of error one and two.



REINSTATEMENT


 In his third point of error, appellant contends that the trial court erred in denying
his motion to reinstate the cause on the trial court's docket. Featherlite contends that the
reinstatement provision of Tex. R. Civ. P. 165a(3) does not apply because the cause was not
dismissed under 165a for failure to appear but under the court's inherent power to control its
docket because of counsel's refusal to proceed. An appellant seeking reversal of a dismissal has
the burden of establishing a clear abuse of discretion whether the trial court acted under its
express or its inherent authority and whether appellant complains of an order of dismissal or a
denial of a motion to reinstate. Stromberg Carlson Leasing Corp. v. Central Welding Supply Co.,
750 S.W.2d 862, 864 (Tex. App.--Houston [14th Dist.] 1988, no writ). That is, whether the case
is dismissed under the court's inherent power or under Rule 165a, the standard of review is abuse
of discretion. (5) That a combination of legal principles and factual circumstances might limit the
range of choices available to a trial court does not change the standard of review from abuse of
discretion. See Landon, 724 S.W.2d at 939. 

 In this case, two continuances were denied. Counsel's failure to appear was thus
not the result of accident or mistake. (6) That does not mean that the court, in the exercise of its
discretion, would have been prohibited from choosing to reinstate the case, if it found good cause
demonstrated, but it did not. As in reviewing points of error one and two, we find no satisfactory
explanation of why another attorney in the firm could not have handled one or the other matter;
no explanation of why counsel, in view of the letter from Featherlite's counsel, in particular, did
not notify Featherlite's counsel earlier; why the Orange County case that conflicted was continued
from its July setting (apparently by agreement), especially in view of the fact that the case had
already been dismissed and reinstated. The record reveals a pattern of delays and late disclosure
of conflicts. Again, we find no abuse of discretion on the trial court's part. We overrule point
of error three.

 Kellebrew's motion for rehearing adds points of error four, five, and six,
contending that the court used an improper standard of review, violated Rule 90(a) by not
discussing the sufficiency of the evidence (7), and violated Kellebrew's due process rights by denying
him his choice of attorney. For the reasons discussed in points one, two, and three, we overrule
these points.

 Having overruled all points of error, we overrule the motion for rehearing and
affirm the judgment of the trial court.




 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: October 21, 1992

[Do Not Publish]
1. [1] In the statement of facts from the hearing on the October 3, 1991, motion for continuance,
a copy of a letter dated May 24, 1990, from Featherlite's counsel to Kellebrew's counsel appears. 
The letter says that a member of Judge Hart's staff and Featherlite's counsel agreed to place the
motion for continuance in the file unsigned because although the continuance was agreed, counsel
for both sides had not agreed on a new trial date. Therefore, Featherlite did not want the judge
to sign the order and assign a trial date. The letter proposed a January 1991 setting. In response,
Kellebrew's counsel requested a March setting but did not dispute that Featherlite had agreed to
a continuance.


2.   Appellant's counsel complains that the trial court did not make diligent enough efforts to
contact the trial judge in Orange County, apparently to verify that counsel was in trial there. The
question, however, was not counsel's whereabouts but why he was in Orange, rather than Travis,
County.
3. [3] Appellant's counsel places great emphasis on an affidavit from his client in which the client
stated that he did not want any other attorney, that he did not feel any other lawyer could
competently represent his interests, and that his file was large and complicated. The trial court,
however, also had before it the pleadings in the case, showing that the client was suing based on
an injury incurred due to the collapse of the bed of a flatbed truck. The court could have
concluded that in its opinion, the case was not complex enough so that another attorney from the
firm would not have had adequate time to prepare and handle it.
4. [4] Appellant's counsel relies on Thrower as support for his position. However, counsel quotes
the last part of the opinion, in which the court applies the law to the facts of the case. The facts
in Thrower are quite different from the facts in this case, rendering Thrower distinguishable from
counsel's case.
5. [5] See W. Wendell Hall, Standards of Appellate Review in Civil Appeals, 21 St. Mary's L.J.
883-885 (1990). The author discusses the reinstatement provisions of 165a(3) as being similar
to the requisites for granting a new trial in a default judgment. Id. at 885. A proper default
judgment is reviewed under an abuse of discretion standard. Craddock v. Sunshine Bus Lines,
Inc., 133 S.W.2d 124, 126 (Tex. 1939).
6. [6] The order dismissing the case stated that plaintiff refused to proceed with his case and the
court found that the case should be dismissed. The order refusing to reinstate the case stated that
the motion was denied. There are no findings of fact or conclusions of law in either order. The
judgment must be upheld on any legal theory that finds support in the evidence. Strackbein v.
Prewitt, 671 S.W.2d 37, 38 (Tex. 1984).

 Counsel quotes from the statement of facts to suggest that Judge Hart refused to find that
the failure to appear was intentional or the result of conscious indifference.


 MR. MORGAN: Judge, just for the record, does the Court find that there
was not a reasonable explanation for the dismissal or does the Court find there was
a conscious indifference or intentional conduct that would result in the Court's
ruling.

 

 THE COURT: I do not find that any failure was due to an accident or
mistake or that the failure has otherwise been reasonably explained.


The answer to the question perhaps could have been given more directly in terms of the question. 
However, the judge said that he did not find that any failure was due to an accident or mistake or
had been reasonably explained. The alternatives left under Rule 165a(3) are intentional conduct
or conscious indifference. In any event, such an exchange is not a finding or a failure to find as
we have no findings of fact or conclusions of law. See Tex. R. Civ. P. 296.
7. [7] Texas R. App. P. 90(a) requires the Court's opinion to address every issue raised and
necessary to disposing of the appeal. We have discussed the evidence to the degree necessary
under an abuse of discretion review.