

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-13-00221-CV**


PHILLIP SAENZ AND/OR ALL                                      APPELLANT
OTHER OCCUPANTS


V.


U.S. BANK NATIONAL                                            APPELLEE
ASSOCIATION AS TRUSTEE FOR
J.P. MORGAN ACQUISITION
TRUST 2006-WMC4, ASSET-
BACKED PASS-THROUGH
CERTIFICATES, SERIES 2006-
WMC4


----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

----

[1]*See* Tex. R. App. P. 47.4.

In this appeal from a forcible-detainer action, appellant Phillip Saenz asks this court to conclude that the trial court's judgment of possession was in error. We decline to do so and affirm the trial court's judgment.

In 2006, Saenz executed a deed of trust granting First Choice Lenders Nationwide, LLC (First Choice), a security interest in real estate located in Fort Worth, Texas (the property). The deed of trust included the following provision:

> If the Property is sold [at a foreclosure sale], [Saenz] or any person holding possession of the Property through [Saenz] shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, [Saenz] or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Saenz defaulted on his obligations under the deed of trust. First Choice, through its mortgage servicer, declared Saenz to be in default of his obligations, accelerated the debt, and requested that the substitute trustee enforce the terms of the deed of trust. On December 4, 2012, the substitute trustee sold the property at a foreclosure sale to appellee U.S. Bank National Association (U.S. Bank). *See* Tex. Prop. Code Ann. § 51.002 (West Supp. 2013). On December 27, 2012, U.S. Bank notified Saenz of its ownership of the property and that Saenz and any other occupants of the property were required to vacate. *See id.* § 24.005 (West Supp. 2013). It is undisputed that Saenz did not vacate the property.

U.S. Bank filed a forcible-detainer petition in a justice court of Tarrant County. *See id.* § 24.002(a) (West 2000), § 24.004 (West Supp. 2013); *see also*

2

Tex. R. Civ. P. 741. Saenz did not answer the petition, and the justice court rendered a default judgment in favor of U.S. Bank, awarding U.S. Bank possession of the property. *See* Tex. R. Civ. P. 748.

Saenz appealed the judgment to a county court of Tarrant County and filed an answer subject to a plea in abatement. *See* Tex. R. Civ. P. 749. In his plea in abatement, Saenz asserted that U.S. Bank's title was defective. The county court overruled the plea in abatement, examined the pleadings, and entered a judgment for possession in favor of U.S. Bank on March 26, 2013. Saenz superseded the judgment by filing a cash deposit in lieu of bond. *See* Tex. R. App. P. 24.1(c). Saenz then filed a motion for new trial arguing that "a prima facie question of title," i.e., the lack of an "assignment of the Deed of Trust to [U.S. Bank] or to any predecessor or successor in interest of [U.S. Bank] was effective to transfer an interest to support the appointment of substitute trustees," deprived the county court of jurisdiction. The motion was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c). Saenz appealed and now argues that the judgment for possession must be reversed because the forcible-detainer petition was not verified and because U.S. Bank did not meet its burden to establish its superior right to possession.

In his first point, Saenz asserts that the judgment for possession was void because U.S. Bank's petition was not sworn as required by rule 739. *See* Tex. R. Civ. P. 739. However, the record reflects that U.S. Bank's petition was sworn to through an attached verification by U.S. Bank's attorney: U.S. Bank's attorney

3

swore under oath she "read the foregoing Petition and that the matters and facts stated in it are within [her] personal knowledge and are true and correct." *Cf. Reagan v. NPOT Partners I, L.P.*, No. 06-08-00071-CV, 2009 WL 763565, at *2 (Tex. App.—Texarkana Mar. 25, 2009, pet. dism'd w.o.j.) (mem. op.) (holding forcible-detainer petition not properly sworn under rule 739 where affidavit of plaintiff's agent stated that facts were true and correct "to the best of my personal knowledge"). Further, even if the verification was insufficient to meet the requirements of rule 739, Saenz waived the lack of sufficient verification by failing to raise it in his plea in abatement or his motion for new trial.[2] *See Galaznik v. Galaznik*, 685 S.W.2d 379, 383 (Tex. App.—San Antonio 1984, no writ) ("Generally, however, absence of a required verification is a defect which may be waived."); *cf. Thrower v. Johnston*, 775 S.W.2d 718, 721 (Tex. App.—Dallas 1989, no writ) (holding complaint that motion for continuance was not verified was waived because not raised at hearing on motion). We overrule issue one.

In his second and third points, Saenz asserts that U.S. Bank could not establish its superior right to possession because there was no ownership link established between First Choice and U.S. Bank, which rendered the substitute trustee's deed to U.S. Bank and U.S. Bank's subsequent statutory notices to Saenz void. The only issue in a forcible-detainer action is "the right to actual possession"; thus, "the merits of the title shall not be adjudicated." Tex. R. Civ.

---

[2]Saenz asserts that he raised the verification issue "before trial of the case" and in his new-trial motion. But the record does not support Saenz's assertion.

4

P. 746. To prevail in a forcible-detainer action, a plaintiff need only show sufficient evidence of ownership and is not required to prove title to demonstrate a superior right to immediate possession. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (op. on reh'g). Therefore, whether the sale of property under a deed of trust is invalid may not be determined in a forcible-detainer action and must be brought in a separate suit. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.).

U.S. Bank demonstrated its right to possession of the property because the substitute trustee's deed showed U.S. Bank's purchase of the property, the deed of trust showed Saenz's status as a tenant at sufferance when he did not vacate the property after U.S. Bank purchased the property, and the notices to vacate showed U.S. Bank's notification to Saenz that he was a tenant at sufferance and that he must vacate the property. Any defects in the foreclosure process or with U.S. Bank's title to the property may not be considered in a forcible-detainer action. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198–99 (Tex. App.—Dallas 2011, pet. dism'd); *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j). We overrule points two and three.

Having overruled Saenz's points, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel<br>
LEE GABRIEL<br>
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED:  March 20, 2014