**REVERSE and REMAND; and Opinion Filed November 17, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-17-00717-CV
_____

## IN THE INTEREST OF C.R.G., A CHILD

On Appeal from the 256th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DF-16-23867

# MEMORANDUM OPINION
Before Justices Francis, Brown, and Schenck
Opinion by Justice Schenck

Appellant Nicholas Vargas, IV, the putative father of a child born to E.A.G., appeals the dismissal of his petition for bill of review for lack of jurisdiction. In a single issue, Vargas asserts that the trial court improperly granted E.A.G.'s plea to the jurisdiction because he has standing to challenge the constitutionality of the statute under which his paternity was terminated. We reverse the trial court's order granting E.A.G.'s plea to the jurisdiction and remand the case for further proceedings. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

E.A.G. gave birth to C.R.G., the child at issue in this case, on November 16, 2015. On February 29, 2016, when C.R.G. was three months old, E.A.G. filed a petition to terminate the parent-child relationship between C.R.G. and his father under section 161.002(b)(3) of the family code. The petition alleged that C.R.G. had no presumed father and that his alleged father was

"unknown." Section 161.002(b)(3) provides that the rights of an alleged father may be terminated if the child is under one year of age at the time the petition for termination is filed and the father has not registered his intent to claim paternity. TEX. FAM. CODE ANN. § 161.002(b)(3) (West Supp. 2016). An alleged father who files a notice of his intent to claim paternity no later than thirty-one days after the child's birth is entitled to be notified of a proceeding for adoption or termination of parental rights. *Id.* § 160.403 (West 2014). When no notice of intent has been filed with the paternity registry, however, the termination of parental rights under section 161.002(b) does not require personal service of citation or citation by publication on the alleged father and there is no requirement to identify or locate an alleged father. *Id.* § 161.002(c–1) (West Supp. 2016). E.A.G. attached to her petition a certificate from the Texas Department of State Health Services certifying that no man had given notice of his intent to claim paternity of C.R.G. Vargas was not named in the petition and was not notified of the proceeding.

On May 6, 2016, the trial court entered a termination order. In the order, the court made various findings, including findings that no alleged father exists, no alleged father has registered with the paternity registry, and termination of the parent-child relationship between the alleged father and C.R.G. is in the best interest of the child. The court ordered that the parent-child relationship, if any exists or could exist, between "Unknown" and C.R.G. is terminated.

Almost three months later, Vargas filed a petition in Suit Affecting Parent-Child Relationship. He did so because communications with E.A.G. broke down and it became apparent she was not going to allow him to see C.R.G. In the course of that proceeding, Vargas learned for the first time that his parental rights had been terminated in the earlier proceeding. He then filed a motion for new trial and a petition for bill of review. In his motion for new trial, Vargas asserted that he is C.R.G.'s father and that E.A.G. knew he was the father and falsely represented to the court that the identity of C.R.G.'s father was unknown. In response, E.A.G.

filed a plea to the jurisdiction and motion to strike, asserting the trial court had lost its plenary power and had no jurisdiction to hear the motion. The trial court agreed with E.A.G. and granted her plea. On restricted appeal of the order granting E.A.G.'s plea, we concluded, because Vargas was not a party to the termination suit, he could not seek relief by restricted appeal.[1] *See In the Interest of C.R.G.*, No. 05-16-01490-CV, 2017 WL 526611, at \*2 (Tex. App.—Dallas 2017, no pet.) (mem. op.). Accordingly, we dismissed that appeal for want of jurisdiction.

Before us now is Vargas's appeal of the trial court's order granting E.A.G.'s plea to the jurisdiction on his bill of review action. By verified petition for bill of review, Vargas sought to challenge the constitutionality of the statute under which his parental rights were terminated, namely section 161.002(b)(3) of the family code, as it applies to him. He claims he was prevented from asserting a right to C.R.G. by acts of E.A.G., who is a practicing family law attorney, and his own disabling medical condition. In support of these claims, Vargas alleged the following. In July 2015, he was in a serious motorcycle accident. He was in a medically induced coma for several days and was hospitalized for several months, during which time he underwent various surgeries including surgeries on his brain and head. He was resident in an inpatient care facility until February 2016. During most of that time, he could not eat, speak, walk, write, or bathe himself. On or about October 14, 2015, while he was an inpatient, E.A.G. confirmed to him that she was pregnant with his child. He provided financial support to E.A.G. for prenatal and postnatal expenses and came to an agreement with E.A.G. with respect to their rearing of the child. They also specifically discussed litigation and agreed it was unnecessary. Over the ensuing months, E.A.G. and he continued to discuss their child. On January 27, 2016,

---

[1] To be entitled to pursue a restricted appeal, an appellant must establish: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate either in person or through counsel in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 30. These requirements are jurisdictional and, if not satisfied, preclude a party's right to seek relief by way of restricted appeal. *In re Baby Girl S.*, 353 S.W.3d 589, 591 (Tex. App.—Dallas 2011, no pet.).

approximately one month prior to filing the termination suit, E.A.G. sent Vargas a photograph of C.R.G. and thereafter arranged for him to meet his child. Based upon the foregoing, Vargas alleged that because E.A.G. actively led him to believe they had an agreement about their child and that litigation was neither forthcoming nor necessary, and because his own medical condition rendered him incompetent to even sign his own name, his failure to assert a defense and to timely register his claim of paternity are justified and not due to any fault or negligence on his part.

E.A.G. filed a plea to the jurisdiction asserting Vargas lacks standing to bring a bill of review action because he was not a party to the underlying action. The trial court granted E.A.G.'s plea, later vacated its order granting the plea, and then subsequently granted E.A.G.'s plea and dismissed the case. This appeal followed.

### STANDARD OF REVIEW

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Waco Ind. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000). Standing is a necessary component of subject-matter jurisdiction and cannot be waived. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000); *KM-Timbercreek, LLC v. Harris Cty. Appraisal Dist.*, 312 S.W.3d 722, 725 (Tex. App.—Houston [1st Dist.] 2009, no pet.). If a party lacks standing, the trial court has no jurisdiction to hear the case. *Blue,* 34 S.W.3d at 553–54. A trial court decides a plea to the jurisdiction by reviewing the pleadings as well as any evidence relevant to the jurisdictional inquiry. *Id.* at 555.

We review a trial court's ruling on a plea to the jurisdiction de novo, construing the pleadings liberally in favor of the plaintiff while considering the pleader's intent. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004). Where, as here, the plea to the jurisdiction does not introduce contradictory evidence, we accept all factual allegations of the challenged pleading as true. *Harrill v. A.J.'s Wrecker Serv., Inc.*, 27 S.W.3d 191, 194 n.1 (Tex.

App.—Dallas 2000, pet. dism'd).  We cannot examine the merits of the case.  *See Houston Indep. Sch. Dist. v. 1615 Corp.*, 217 S.W.3d 631, 635 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

## DISCUSSION

Because this case was dismissed for lack of jurisdiction, we do not consider whether the statute at issue is or is not constitutional as it applies to Vargas, and we need not consider or address the parties' arguments concerning same.  Rather, we limit our consideration to the issue of standing.  In her plea to the jurisdiction, E.A.G. asserted Vargas lacks standing to maintain a bill of review action challenging the termination order because he did not register with the paternity registry.  On appeal, she urges, as she did before the trial court, that this Court's decision in *Baby Girl S* and the Supreme Court's decision in *Lehr* are controlling in this case. *See Lehr v. Robertson*, 463 U.S. 248 (1983); *In re Baby Girl S*, 407 S.W.3d 904 (Tex. App.—Dallas 2013, pet. denied).  We disagree.  While *Baby Girl S* involved a bill of review action and a father who had not registered with the paternity registry, the court did not find a lack of standing or jurisdiction.  Instead, that case proceeded to trial on the merits with a summary judgment ultimately entered in favor of an adoption agency.  *Baby Girl S*, 407 S.W.3d at 907. *Lehr*, likewise was a merits determination of the putative father's constitutional challenge, not a standing determination.  *Lehr*, 463 U.S. at 253.  In those cases and others, the courts exercised jurisdiction over cases involving termination of parental rights and registry requirements.  *See e.g., In re D.A.*, No. 02-09-00460-CV, 2010 WL 3618718 (Tex. App.—Fort Worth Sept. 16, 2010, no pet.) (mem. op.); *In re C.M.D.*, 287 S.W.3d 510 (Tex. App.—Houston [14th Dist.] 2009, no pet.).[2]  E.A.G.'s attempt to conflate a merits determination of Vargas's constitutional

---

[2]  In addition to these decisions in post-termination matters, the Texas Supreme Court has more broadly recognized a party's right to maintain an action seeking a bill of review alleging a due process violation for misinforming the court that entered the default in a manner that frustrates notice.  *See Katy Venture Ltd. V. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015).

challenge with standing is unavailing.

To have standing, the plaintiff in the bill of review action must have been a party to the prior judgment *or* have had a then-existing right or interest prejudiced by the resulting judgment. *Dolenz v. Wells*, No. 05-06-00840-CV, 2007 WL 259196, at *1 (Tex. App.—Dallas Jan. 31, 2007, pet. denied) (mem. op.) (emphasis added). E.A.G. maintains that the prior suit terminated Vargas's claimed parental rights. That interest was thus clearly prejudiced for purposes of establishing his interest to support his claim of standing to pursue this bill of review. *See Troxel v. Granville*, 530 U.S. 57, 65 (2000); *In re J.W.T.,* 872 S.W.2d 189, 195 (Tex. 1994).

At this juncture, we need not determine whether the lack of notice to Vargas deprived him of a constitutionally protected right. Vargas has pled, and we are obliged to accept as true, that he is the biological father of C.R.G., that his parental rights were terminated by the termination decree, and that he did not receive notice of the termination proceeding even though E.A.G. acknowledged him as the father, knew of his whereabouts and condition, and consciously avoided affording him actual notice of the proceeding to terminate his parental rights. *See Harrill*, 27 S.W.3d at 194 n.1. In addition, the order Vargas seeks to overturn is an order terminating his parental "rights." We conclude, Vargas's pleadings and the interests involved suffice to confer standing on Vargas to raise his constitutional challenge by bill of review. *Troxel*, 530 U.S. at 65 (recognizing federal constitutional right); *J.W.T.,* 872 S.W.2d at 195 ("the natural right which exists between parents and their children is one of constitutional dimension"). Accordingly, we sustain Vargas's sole issue.

For the first time on appeal, E.A.G. challenges the sufficiency of Vargas's verification of his bill of review. The verification of a petition or answer may be waived. *Thrower v. Johnston*, 775 S.W.2d 718, 721 (Tex. App.—Dallas 1989, no pet.). Because E.A.G. failed to object to the sufficiency of the verification, the defect in the verification, if any, has been waived. *Id.*

## CONCLUSION

We reverse the trial court's order dismissing this case and remand for further proceedings.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

170717F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF C.R.G., A CHILD,

No. 05-17-00717-CV

On Appeal from the 256th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-16-23867.
Opinion delivered by Justice Schenck.
Justices Francis and Brown participating.

In accordance with this Court's opinion of this date, the order of the trial court dismissing this case is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant recover his costs of this appeal from appellee Elizabeth Anne Granado.

Judgment entered this 17th day of November, 2017.