## CAMERON COUNTY WATER IMPROVEMENT DIST. NO. 1 v. CAMERON COUNTY WATER IMPROVEMENT DIST. NO. 15 et al.

### No. 10753.

Court of Civil Appeals of Texas. San Antonio.

Nov. 29, 1939.

Polk Hornaday, of Harlingen, for appellant.

P. G. Greenwood, and Carter & Stiernberg, both of Harlingen, and August Kacir, of Temple, for appellees.

MURRAY, Justice.

Appellant, Cameron County Water Improvement District Number One (hereinafter referred to as District One) filed this suit in the District Court of Cameron County, some time early in the year 1939, against Cameron County Water Improvement District Number Fifteen (hereinafter referred to as District Fifteen), Lee M. Green, the Slavonic Benevolent Order of the State of Texas, and C. H. Chernosky seeking to cancel a water contract entered into between District One and District Fifteen, on August 3, 1937, and in the alternative for damages in the sum of $50,000. District One alleged that the contract was without consideration and that its execution on the part of District One was procured by means of duress.

The trial was to the court, without the intervention of a jury, and resulted in a judgment that District One take nothing, from which judgment District One has prosecuted this appeal.

Appellant first complains because its motion for a continuance or, in the alternative, to take the deposition of the witness Mrs. Shannon Newman was overruled. It appears that when this cause was called for trial on June 7, 1939, all parties announced ready for trial and that thereafter District One discovered the absence of the witness Mrs. Shannon Newman, and thereupon made a motion seeking to withdraw their announcement of ready and have the case continued, or to compel the attorneys for appellees to immediately cross the interrogatories and waive time so that Mrs. Newman's deposition might be taken at once. Mrs. Newman was a

resident of Bexar County. District One contended that it had an agreement with opposing counsel that they would waive time and voluntarily cross interrogatories should District One desire to take depositions. The trial judge in no way abused his discretion in overruling this motion. It was the duty of appellant to ascertain whether its witnesses were present or not before announcing ready for trial. Furthermore, it knew all the time that Mrs. Newman was a resident of Bexar County and that the only sure way of obtaining her testimony was to take her deposition before announcing ready for trial. It chose to gamble on Mrs. Newman voluntarily making her appearance at the trial and having taken this chance and lost, is now in no position to complain.

It will be borne in mind that this was a trial before the court without the intervention of a jury. No findings of fact or conclusions of law were made, and, apparently, none were requested by either side.

Several of appellant's propositions deal with the question of ratification, or, rather, the lack of ratification of the contract of August 3, 1937, by District One. As far as this Court knows the trial court may have found that there was a valuable consideration to support the contract, and that the contract was not executed as a result of duress. If there was a valuable consideration to support the contract, and if there was no duress, then the question of ratification, vel non, becomes unimportant.

Appellant does not present any proposition contending that the trial court could not have properly found that there was a valid consideration for the contract, and the only proposition challenging the implied finding of the court that appellant did not establish duress in the execution of the contract is proposition seven, which reads as follows: "7. The undisputed testimony of the members of plaintiff's Board of Directors, that they did not execute voluntarily the contract of August 3, 1937, but executed it only under the fear of losing plaintiff's R. F. C. loan and that they were, under the circumstances, forced either to execute the said contract or that if they did not execute the said contract, the defendants, Slavonic Benevolent Order, C. H. Chernosky and Number Fifteen would withhold the bonds controlled by them, and that being under those circumstances of compulsion under fear of the consequences of losing the loan, they executed the said contract; and the Court erred as a matter of law in holding that the undisputed facts did not constitute duress."

Under this proposition appears a very brief statement, which we copy in full, to-wit:

"Plaintiff alleged that it did not execute voluntarily the contract to furnish No. 15 water, dated August 3, 1937; but that fearing that it would lose its R. F. C. loan causing it serious financial disaster which would likely disterminate as a going concern and with that fear for its existence affecting it, it had signed under duress said contract.

"Each director sustained the allegations by his testimony; Director Wade, Director Lyle, Director Starnes."

There is nothing in the proposition or the statement which would show duress as a matter of law. It is not shown that any of the appellees threatened to do anything to appellant. The most that can be gleaned from the entire record is that appellees refused to sign a commitment of the bonds which they held, so that District One might re-finance through the Reconstruction Finance Corporation and pay off these bonds at the rate of seventy cents on the One Dollar valuation. It is not contended that it was illegal for appellees to refuse to commit these bonds. As long as appellees were within their legal rights there can be no duress. 10 Tex.Jur. p. 76, § 44, reads as follows: "Threat to Exercise Legal Right.—As a general rule, a threat to do what one has a legal right to do cannot be the basis of duress; and such a threat is never sufficient to constitute duress of property. So, duress is not shown by proof of a threat by an employer to discharge an employee if he does not tender his resignation, nor by evidence of a refusal of a partner to dissolve the partnership and distribute its assets, where he has a right to continue it under the terms of the partnership contract. Also, a threat to resort to a civil proceeding which the law gives to a party for the enforcement of his rights is not duress, since it is no more than the exercise of a lawful right; and this is true although the inevitable result of carrying out the threat may be to put in motion the processes of the criminal law. But a threat to prosecute a person for a crime of which he is guilty may amount to duress."

We must conclude that the trial court impliedly properly found that the contract of August 3, 1937, was supported by a valuable consideration and that it was not executed by District One as a result of duress.

This conclusion renders all other contentions made by appellant unimportant and immaterial and they will therefore be overruled.

The judgment is affirmed.