**Mary Hortencia REYNA, Appellant,**

v.

**Ruben Angel REYNA, Appellee.**

**No. 3–87–035–CV.**

Court of Appeals of Texas,
Austin.

Oct. 14, 1987.

Leonard Martinez, Austin, for appellant.
Bobby R. Taylor, Austin, for appellee.

Before POWERS, BRADY and ABOUSSIE, JJ.

POWERS, Justice.

Mary Hortencia Reyna, appellant, appeals from a *nihil dicit* judgment rendered in a divorce action brought by appellee Ruben Angel Reyna in Travis County. We will affirm the judgment.

## THE CONTROVERSY

Appellee sued for divorce and ancillary relief, including a child-custody determination and a division of the parties' property.

At appellant's request, the cause was set for jury trial on November 19, 1986. On that date, appellant's local counsel presented a motion that the cause be continued because her attorney of record was compelled to attend another trial in Harris County—also set for trial on November 19, 1986. The trial court overruled the motion and tried the case and rendered judgment in the absence of appellant and her attorney of record.

The judgment declares that a jury was waived and that appellant appeared and answered but failed to appear for trial. Appellant does not assail these declarations in the judgment. The record does not contain findings of fact and conclusions of law in support of the judgment.

Following the trial-court judgment, appellant moved for a new trial based solely on the ground formerly urged in her motion for continuance—the enforced absence of her counsel to attend another trial in Harris County, set on the same date as her divorce suit in Travis County. The motion for new trial was overruled by operation of law and appellant seeks review in this Court on two points of error: the overruling of her motion for continuance and the overruling of her motion for new trial, each asserted to be an abuse of discretion by the trial court.

## MOTION FOR CONTINUANCE

■ Rule 253 of the Texas Rules of Civil Procedure states as follows:

Except as provided elsewhere in these rules, absence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record.

Tex.R.Civ.P.Ann. 253 (1976). The two-part test for "abuse of discretion" is as follows: (1) whether the trial court's exercise of discretion was legally erroneous; and (2) if it was, whether the impact of the error on the case requires reversal. *Landon v. Jean–Paul Budinger, Inc.*, 724 S.W.2d 931, 937 (Tex.App.1987, no writ).

A court's exercise of a discretionary power may constitute legal error on any of several possible grounds that we shall consider in order.

■ *First*, a court commits legal error if it attempts to exercise a power of discretion that it does not legally possess. *See, e.g., Government Services Ins. Underwriters v. Jones*, 368 S.W.2d 560 (Tex.1963) (trial court's general discretion to grant or deny continuances is denied the court by statute in cases where the application for continuance is made by member of the legislature attending its sessions). It is not contended here that the trial court lacked the discretionary power to grant or deny a continuance in the circumstances. *See* Rule 253.

■ *Second*, the court commits legal error if it declines to exercise a power of discretion committed to it by law when the circumstances require that the power be exercised. *See, e.g., Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 680 (1956) ("It is well settled that mandamus lies to ... require the exercise of discretion.") This possible ground of legal error does not arise in the present case where it is undisputed that the trial court *did* exercise its discretionary power to grant or deny a continuance under Rule 253.

■ *Third*, the court commits legal error if it purports to exercise its discretion without sufficient information upon which a rational decision may be made, as reflected in the appellate record. Whether the trial court acted rationally, in a legal sense, may only be appraised in reference to the factual context in which the court acted in making a choice between legally permissible alternatives. *Landon, supra,* at 938. The record reveals that the trial court was informed by local counsel of the only factual grounds upon which the motion for continuance was based—that appellant's counsel of record was directed by a judge in Harris County to remain in his court for the trial of a case set for trial that day in that county. Certain other matters were contained in the trial-court record that could have pertained to the trial

court's ruling on the motion, as discussed below. We conclude the trial court had before it sufficient information for a rational decision on the motion for continuance.

■ *Fourth*, the court commits legal error if it exercises its power of discretion by making an erroneous choice as a matter of law, in any one of the following ways: (a) by making a choice that was not within the range of choices permitted the court by law; (b) by arriving at its choice in violation of an applicable legal rule, principle, or criterion; or (c) by making a choice that was legally unreasonable in the factual-legal context in which it was made. *Landon, supra*, at 939–40. Concerning the first such possibility, it is quite clear that the trial court's decision to deny appellant's motion for continuance was within the court's power of choice under Rule 253. Consequently, we turn to whether the court's choice was legally unreasonable in context or whether the choice was made in violation of some applicable legal rule, principle, or criterion.

In the present case, appellant's attorney of record announced ready for trial, unconditionally, on three separate occasions after he had himself set the case for trial on November 19, 1986. One occasion was less than 48 hours before the date of trial. On none of these occasions did counsel suggest the possibility of a conflict in trial settings. At approximately 4:00 o'clock p.m. on the day before the case was called, appellant's counsel of record telephoned the court administrator in Travis County, from Houston, and first informed a Travis County official of the conflict. Counsel was told that he would not be released by the court administrator from his trial setting in Travis County and should retain local counsel if he wished to move for a continuance. On November 19, 1986, the day of trial, local counsel did move for continuance as mentioned above.

■ Generally, a motion for continuance must be filed before an unconditional announcement of "ready" since such an announcement waives the right to seek subsequently a delay based upon any facts which are, or with proper diligence should have been, known at the time. *See* 3 McDonald, Texas Civil Practice § 10.29, at 82 (rev. ed. 1970); *see also Cameron County Water Improvement Dist. No. 1 v. Cameron County Water Improvement Dist. No. 15*, 134 S.W.2d 491 (Tex.Civ.App.1939, no writ); *Wood v. Fulton Property Co.*, 92 S.W.2d 549 (Tex.Civ.App.1936, no writ). This general rule is, of course, subject to exception when an unforeseeable event arises through no fault of the movant. *See, e.g., McAden v. Soil Improvement Corporation*, 394 S.W.2d 662 (Tex.Civ.App. 1965, no writ) (counsel absent because of service in the U.S. Army). However, this exception does not apply here because appellant's attorney had at least ten days notice of each trial setting, *see* Tex.R.Civ.P. Ann. 245 (1976), but failed to take any of the necessary steps to avoid a conflict (*e.g.*, withdrawing his unconditional announcement of "ready," seeking a continuance from the court in Harris County, or retaining local counsel to try the case should a conflict arise). We conclude the trial court's denial of the continuance was consistent with the applicable rules of law.

■ Finally, we inquire whether the trial court erred, even though it complied with the law in all other respects, because its determination was legally unreasonable in the factual-legal context in which it was made. Based upon the record as a whole, there is no suggestion that the trial court failed to consider a factor, or depended upon a factor that it was forbidden to consider, or placed exaggerated importance on a legally relevant factor—any of the errors that might render unreasonable the court's choice to deny the motion for continuance. It was appellant's burden to show or suggest any grounds of unreasonableness and she has not done so.

We conclude the trial court did not commit a legal error. Therefore, we need not consider the second element of the bifurcated test for abuse of discretion; that is, whether any error so affected the case as to require reversal.

## MOTION FOR NEW TRIAL

The law is well-settled that a trial court's denial of an equitable motion for new trial is error if (1) defendant's failure to answer

or appear was not intentional or the result of conscious indifference on his part, but was due to a mistake or an accident; (2) the motion for new trial sets up a meritorious defense; and (3) it is filed at a time when granting it will cause no delay or other injury to the plaintiff. *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966); *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939). Each element of this test must be met before an abuse of discretion will be found.

■■■ This Court's determination that appellant's default was due to her attorney's failing to take steps to avoid an avoidable conflict necessarily means that the first element of the test set out above has not been met; therefore, we conclude the trial court did not abuse its discretion in refusing to grant her motion for new trial. Furthermore, appellant failed to allege in her motion anything suggesting a defense. She did not present evidence proving *prima facie* that she had a meritorious defense. Consequently, appellant also failed to satisfy the meritorious-defense requirement. *See Ivy, supra,* at 214; *Aero Mayflower Transit Co. v. Spoljaric,* 669 S.W.2d 158 (Tex.App.1984, writ dism'd). We therefore overrule her second point of error.

Finding no error as contended in appellant's two points of error, we affirm the judgment below.