In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-435 CV


____________________



IN RE THE COMMITMENT OF ARTURO ABELLA






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 05-02-01385 CV






 MEMORANDUM OPINION 


 The State of Texas filed a petition to commit Arturo Abella as a sexually violent
predator. See Tex. Health & Safety Code Ann. §§ 841.001-.150 (Vernon 2003 & Supp.
2005). A jury found Abella suffers from a behavioral abnormality that makes him likely to
engage in a predatory act of sexual violence. The trial court entered a final judgment and
order of civil commitment. Abella filed this appeal. We affirm.

 In his sole issue, Abella argues the trial court erred in denying his motion for
continuance. After announcing "ready" for trial, Abella's counsel made an oral motion for
continuance on the grounds that, due to an error made by the office of the State Counsel for
Offenders, Abella could not be present until the following day. Abella asserts that although
his oral motion for continuance did not comply with the requirements of Rule 251 of the
Rules of Civil Procedure, section 841.063 of the Health and Safety Code governs his motion
for continuance. See Tex. R. Civ. P. 251 ("No application for a continuance shall be heard
before the defendant files his defense, nor shall any continuance be granted except for
sufficient cause supported by affidavit, or by consent of the parties, or by operation of law.");
Tex. Health & Safety Code Ann. § 841.063 (Vernon Supp. 2005) ("The judge may
continue a trial or hearing conducted under this chapter if the person is not substantially
prejudiced by the continuance and: (1) on the request of either party and a showing of good
cause; or (2) on the judge's own motion in the due administration of justice."). 

 The State responds that Abella waived any error by announcing "ready" before
seeking a continuance. We agree. An announcement of "ready" waives the right to seek a
continuance based upon any facts that are known, or with proper diligence should have been
known, when the announcement is made. Reyna v. Reyna, 738 S.W.2d 772, 775 (Tex. App.-
Austin 1987, no writ); see also E. C., Jr. ex rel. Gonzales v. Graydon, 28 S.W.3d 825, 828
(Tex. App.-Corpus Christi 2000, no pet.). Here, the record reflects that Abella was not
present in court when his counsel announced "ready." Abella's counsel conceded in her oral
motion for continuance that an error in her office caused Abella's absence. In addition, while
presenting the motion for continuance, Abella's counsel called as a witness the chief of the
Appellate and Civil Commitment Sections of the State Counsel for Offenders. This witness 
testified that his office knew since the preceding Friday that it did not give timely notice to
those responsible for transporting Abella to court. Therefore, because Abella's counsel knew
or should have known before she announced "ready" that Abella could not be present,
counsel's announcement of "ready" waived Abella's right to seek a continuance. See Reyna,
738 S.W.2d at 775. We overrule Abella's issue and affirm the judgment of the trial court.

 AFFIRMED.

 


 ____________________________

 HOLLIS HORTON

 Justice 

Submitted on May 8, 2006

Opinion Delivered June 1, 2006

Before McKeithen, C.J., Kreger and Horton, JJ.