

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00102-CV

DANNY MILLS, APPELLANT

V.

PARKS BROS, LLC AND WADE PARKS, APPELLEES

On Appeal from the 84th District Court
Hansford County, Texas
Trial Court No. CV-05651, Honorable Curt Brancheau, Presiding

August 28, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

After he failed to appear for trial and the trial court dismissed his lawsuit, Appellant, Danny Mills, presents two issues on appeal. First, he challenges the trial court's denial of his motion for continuance. Second, he contests the dismissal of his case for want of prosecution. We overrule both of Mills's issues and affirm the trial court's order of dismissal.

## Background

Mills, a former employee of Parks Brothers, sued Appellees in July 2021 for personal injuries, conversion of personal property, and abuse of process. The case was initially set for trial on June 19, 2023. However, the court granted Mills's unopposed motion for continuance, rescheduling the trial to October 30, 2023.

On September 13, 2023, the parties jointly requested a second continuance, which the court granted. The trial was then set for February 20, 2024. By January 30, 2024, both parties announced they were ready for trial.

In the afternoon on Friday, February 16, 2024, the last business day before the February 20 trial (Monday, February 19, being a federal holiday), Mills filed a third motion for continuance. According to an unsworn declaration, Mills claimed that he and his wife Trina had been in a car accident on December 11, 2023, destroying their only vehicle. Mills stated he needed to care for Trina and had no means to travel from east Texas to Hansford County for court.[1]

On the trial date, Mills's counsel appeared and urged the third motion for continuance. The motion was denied. His counsel refused to proceed in Mills absence. The trial court then dismissed the case for failure to prosecute, citing its inherent power and Rule 165a of the Texas Rules of Civil Procedure.

---

[1] The record shows that in a February 2022 deposition, Mills testified that he and Trina divorced in April 2021.

Mills did not file a motion to reinstate or a motion for new trial. He filed a notice of appeal on March 12, 2024.

**Analysis**

Denial of the Motion for Continuance

In his first issue, Mills argues the trial court abused its discretion by denying his motion for continuance. Appellees contend Mills waived his right to seek a continuance by unconditionally announcing ready for trial. We agree with Appellees.

A reviewing court will not disturb a trial court's order denying a motion for continuance unless the trial court committed a clear abuse of discretion. *BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 800 (Tex. 2002). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *BMC Software,* 83 S.W.3d at 800 (cleaned up).

On January 30, 2024, Mills was undoubtedly aware of the December 11, 2023 accident that destroyed his motor vehicle and caused Trina's injuries. Nevertheless, he unconditionally announced "ready" for a trial he knew was scheduled to begin 22 days later. Generally, an unconditional announcement of "ready" for trial waives the right to seek a continuance based on facts known or that should have been known at the time.[2]

---

[2] *See, e.g., Rangel v. State Bar of Tex.,* 898 S.W.2d 1, 3 (Tex. App.—San Antonio 1995, no writ); *Reyna v. Reyna,* 738 S.W.2d 772, 775 (Tex. App.—Austin 1987, no writ) ("Generally, a motion for continuance must be filed before an unconditional announcement of 'ready' since such an announcement waives the right to seek subsequently a delay based upon any facts which are, or with proper diligence should have been, known at the time.").

Because these facts were known before Mills's announcement, we conclude he waived his right to seek a continuance.

Moreover, the trial court's decision to deny Mills's motion for continuance was within its discretion. By the time of trial, approximately two and a half years had passed since Parks Brothers answered Mills's July 2021 original petition.[3] The record does not indicate that Mills's motion for continuance was presented to the trial court any earlier than the morning of trial, at which point a jury venire panel of as many as 150 people waited, and almost a month had passed since Mills unconditionally announced ready for trial. While the motion emphasized Mills's need to care for his "wife" Trina Mills, his own testimony indicated that they were divorced. Mills provided no indication of when the circumstances necessitating his absence from trial—Trina's condition and his lack of transportation—would be resolved. Furthermore, Mills did not demonstrate the substance of his expected testimony or explain why the trial could not proceed in his absence. Finally, he did not explore other potential ways to participate in trial, such as a remote appearance.

We conclude that no abuse of discretion has been shown; Mills's first issue is accordingly overruled.

---

[3] Rule 6 of the Rules of Judicial Administration provides that civil jury cases, other than family law matters, should be disposed of within eighteen months from the appearance date, so far as reasonably possible. *See* TEX. R. JUD. ADMIN. 6.1(a)(1), *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. F app. However, this rule is "discretionary and nonbinding" and "does not fix a bright line demarking the outward limit of a trial court's discretion to control its docket." *Jones v. Morales*, 318 S.W.3d 419, 427 (Tex. App.—Amarillo 2010, pet. denied).

<u>Dismissal of Suit for Want of Prosecution</u>

Mills's second issue challenges the trial court's dismissal of his case for want of prosecution. He argues he lacked adequate notice and opportunity to be heard before the sua sponte dismissal.[4] Appellees contend this complaint was not preserved for appellate review. We agree with Appellees.

We review dismissals for want of prosecution for abused discretion. *MacGregor v. Rich,* 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). A trial court may dismiss a case under Texas Rule of Civil Procedure 165a or its inherent docket-control power but must provide notice and an opportunity to be heard. *Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex. 1999). To preserve a complaint for appeal, however, an objection must be presented to the trial court with sufficient specificity, and the trial court either ruled or refused to rule on the request, objection, or motion. TEX. R. APP. P. 33.1(a); *In re Ivie,* 687 S.W.3d 526, 530 (Tex. App.—Eastland 2024, no pet.). Generally, even alleged constitutional deprivations require preservation. *Tex. Dep't of Protective & Regulatory Servs. v. Sherry,* 46 S.W.3d 857, 861 (Tex. 2001).

The record contains no motion for new trial or reinstatement raising the complaint Mills raises now. He took no action to bring this issue to the trial court's attention by motion for new trial or to reinstate the case; he proceeded directly to appeal. Because Mills did not first raise his present complaint in the trial court and because the alleged

---

[4] We have no reporter's record of any proceedings before the trial court.

error is not fundamental,[5] he failed to preserve it for our review. *See* TEX. R. APP. P. 33.1(a); *In re E.D.F.,* No. 07-12-00470-CV, 2014 Tex. App. LEXIS 11286, at *6 (Tex. App.—Amarillo Oct. 9, 2014, pet. denied) (mem. op.) (finding failure to preserve error when complaint of erroneous dismissal was not first challenged in a motion for new trial or motion to reinstate); *Ex parte R.L.S.,* No. 10-16-00278-CV, 2018 Tex. App. LEXIS 2757, at *5 (Tex. App.—Waco Apr. 18, 2018, no pet.) (corrected mem. op.) (due process complaint not preserved when not first presented to the trial court).

Mills's second issue is overruled.

## Conclusion

Having overruled both of Mills's issues, we affirm the trial court's order of dismissal.


Lawrence M. Doss
Justice

---

[5] Fundamental error in civil cases is limited to jurisdictional defects or direct, adverse effects on public interest as declared in the Texas Constitution or statutes. *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex. 1982) (per curiam).

6