ACCEPTED
15-24-00092-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/7/2025 11:18 AM
CHRISTOPHER A. PRINE
CLERK

**No. 15-24-00092-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/7/2025 11:18:13 AM
CHRISTOPHER A. PRINE
Clerk

# IN THE FIFTEENTH COURT OF APPEALS
## SITTING IN AUSTIN, TEXAS

**TEXAS DEPARTMENT OF PUBLIC SAFETY,**
APPELLANT

**V.**

**BRYAN JASON SAINTES,**
APPELLEE

## APPELLANT'S BRIEF
Oral Argument Requested

Elizabeth A. Dupuy
Staff Attorney, ALR Appellate Section
SBN: 24056369
elizabeth.dupuy@dps.texas.gov

LaKisha T. Seldon McKay
Director of ALR Hearings
SBN 24066982
lakisha.seldonmckay@dps.texas.gov

D'na Collins
Field Staff Attorney, ALR Division
SBN 24087326
dna.collins@dps.texas.gov

P.O. Box 15327
Austin, Texas 78761-5327
Tel:   (512) 424-5193
Fax:   (512) 424-5221
ATTORNEY FOR APPELLANT
TEXAS DEP'T OF PUB. SAFETY

TEXAS DEPARTMENT OF PUBLIC SAFETY,
APPELLANT

V.

BRYAN JASON SAINTES,
APPELLEE

## REQUEST FOR ORAL ARGUMENT

Appellant, Texas Department of Public Safety, believes that oral argument might benefit the Court in this case. The issue in this case is contrary to established law as adjudicated by the Texas Supreme Court in *Tex. Dep't of Pub. Safety v. Caruana*, 363 S.W.3d 558 (Tex. 2012) with the potential of significantly impacting jurisprudence in Administrative License Revocation cases. The Appellant respectfully requests this Court grant the Department's request for oral argument.

No. 15-24-00092-CV

TEXAS DEPARTMENT OF PUBLIC SAFETY,
APPELLANT

V.

BRYAN JASON SAINTES,
APPELLEE

## IDENTITY OF PARTIES AND COUNSEL

Appellant certifies that the following is a complete list of the parties, attorneys, and any other persons who have any interest in the outcome of this lawsuit.

**APPELLANT:**

Texas Department of Public Safety
5805 N. Lamar Blvd.
P.O. Box 15327
Austin, Texas 78761-5327
Tel:   (512) 424-5193
Fax:   (512) 424-5221
ALR_Appeals@dps.texas.gov

**COUNSEL FOR APPELLANT:**

Elizabeth A. Dupuy
Staff Attorney,
ALR Appellate Section
SBN: 24056369
elizabeth.dupuy@dps.texas.gov

LaKisha T. Seldon McKay
Director of ALR Hearings,
SBN 24066982
lakisha.seldonmckay@dps.texas.gov

D'na Collins
Field Staff Attorney, ALR Division
SBN 24087326
dna.collins@dps.texas.gov

iii

**APPELLEE:**                    **COUNSEL FOR APPELLEE:**

Bryan Jason Saintes        David Breston
SBN 16761850
1820 West Bell Street
Houston, Texas 77019-4910
David@davidbreston.com

# TABLE OF CONTENTS

REQUEST FOR ORAL ARGUMENT ............................................................ ii

IDENTITY OF PARTIES AND COUNSEL ................................................ iii

TABLE OF CONTENTS.......................................................................v

INDEX OF AUTHORITIES ...................................................................... vii

ISSUES PRESENTED ................................................................................ ix

ISSUE ONE

> Police Reports are admissible in Administrative License Revocation, "ALR," hearings as an exception to hearsay. In this case, the ALJ properly considered a DWI case report after it was entered into evidence. Saintes argued before the trial court that a police report must be both sworn and incorporated into the DIC-23 Peace Officer's Sworn Report to be admissible. Did the trial court err in finding that an unsworn and unincorporated offense report was improperly considered?

APPELLANT'S BRIEF...............................................................................1

STATEMENT OF THE CASE ....................................................................3

STATEMENT OF FACTS ..........................................................................5

    *Sainte's Arrest* ..............................................................................5

    *The Administrative Hearing* ....................................................6

    *Review by the Trial Court*.........................................................7

SUMMARY OF THE ARGUMENT ...........................................................9

STANDARD OF REVIEW ...................................................................... 11

ISSUE ONE ............................................................................. 13

ARGUMENT AND AUTHORITY ............................................................. 13

CONCLUSION ........................................................................... 19

PRAYER ............................................................................... 20

CERTIFICATE OF COMPLIANCE ............................................................ 21

CERTIFICATE OF SERVICE ............................................................... 21

INDEX OF APPENDICES .................................................................. 22

# INDEX OF AUTHORITIES

## CASES

*Gardner v. Gardner*, 229 S.W.3d 747, 751 (Tex. App.—San Antonio 2007, no pet.) ............................................................................................. 12

*Lozano v. State*, 359 S.W.3d 790 (Tex. App.—Fort Worth 2012) ............... 14

*Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999) (per curiam) ................................................................................................... 11

*Reyna v. Reyna*, 738 S.W.2d 772, 774–775 (Tex. App.—Austin 1987, no writ) ....................................................................................................... 12

*Tex. Comm. on Env. Quality v. Maverick Cty*, 642 S.W.3d 537, 547 (Tex. 2022) ...................................................................................................... 11

*Tex. Dep't of Pub. Safety v. Cardenas*, No. 13–15–00091–CV, 2015 WL 4593517 (Tex. App.—Corpus Christi 2015) ..................................... 15, 16

*Tex. Dep't of Pub. Safety v. Caruana*, 363 S.W.3d 558 (Tex. 2012).8, 14, 15, 16

*Tex. Dep't of Pub. Safety v. Castro*, 406 S.W.3d 782 (Tex. App.—El Paso 2013, no pet.). ....................................................................................... 17

*Tex. Dep't of Pub. Safety v. Todd*, No. 05–13–01198–CV, 2014 WL 2628139 (Tex. App.—Dallas 2014) ..................................................... 14

*Tex. Health Facilities Comm'n v. Charter Med.-Dall., Inc.*, 665 S.W.2d 446, 453 (Tex. 1984). .................................................................................. 12

## STATUTES

1 TEX. ADMIN. CODE § 159.211 (c)(2)..................................................... 16, 17

1 TEX. ADMIN. CODE § 159.23 ....................................................................... 15

1 TEX. ADMIN. CODE § 159 .............................................................................. 3

37 TEX. ADMIN. CODE § 17 .............................................................................. 3

Tex. Gov't Code Ann § 2001.174. ........................................................... 11

TEX. GOV'T CODE ANN. § 2001.174 ...................................................... 11

TEX. GOV'T CODE ANN. § 2001 ............................................................... 3

TEX. R. OF EVID. 803(8) ........................................................ 7, 13, 14, 15

TEX. TRANSP. CODE ANN. § 724 ........................................................... 3

# ISSUES PRESENTED

## ISSUE ONE

Police Reports are admissible in Administrative License Revocation, "ALR," hearings as an exception to hearsay. In this case, the ALJ properly considered a DWI case report after it was entered into evidence. Saintes argued before the trial court that a police report must be both sworn and incorporated into the DIC-23 Peace Officer's Sworn Report to be admissible. Did the trial court err in finding that an unsworn and unincorporated offense report was improperly considered?

No. 15-24-00092-CV

TEXAS DEPARTMENT OF PUBLIC SAFETY,
APPELLANT

V.

BRYAN JASON SAINTES,
APPELLEE

**APPELLANT'S BRIEF**

The Texas Department of Public Safety, Appellant in the above-referenced cause, respectfully submits this brief in appeal of a judgment rendered in favor of Appellee, Bryan Jason Saintes. This appeal is from the Galveston County Court at Law No. 2, of Galveston County, Texas, the Honorable Robert Mayfield, judge presiding. Appellee brought a petition for judicial review of the decision issued by the State Office of Administrative Hearings, the Honorable Roshunda Atchison, judge presiding, reversing the Department's suspension of Appellee's driver license.

For clarity and brevity, the Appellant, Texas Department of Public Safety, will be referred to as "the Department," and the Appellee, Bryan Jason Saintes, will be referred to as "Saintes." The State Office of Administrative Hearings will be referred to as "SOAH." The administrative law judge will be referred to as "the ALJ," and the Galveston County Court at Law No. 2

1

will be referred to as "the trial court." Citations to the Clerk's Record will be CR at [page number]. Citations to the Reporter's Record will be RR at [page number]. Citations to the Transcript of the original ALR Hearing held before SOAH and included in the Clerk's Record by agreed motion of the parties will be TR at [page number].

**STATEMENT OF THE CASE**

This appeal comes from a contested case under the Administrative Procedure Act arising out of an administrative license suspension based on Saintes's refusal of an alcohol concentration test. The administrative hearing was held pursuant to chapter 724 of the Transportation Code, chapter 2001 of the Government Code, and the applicable administrative rules of SOAH and the Department.[1]

The Department appeals the trial court's final order reversing the administrative decision of May 9, 2024, which sustained the Department's suspension of Saintes's driver license. The trial court's order was signed on July 25, 2024.[2] This appeal was timely perfected on August 26, 2024.[3]

---

[1] TEX. TRANSP. CODE ANN. § 724 (Implied Consent); TEX. GOV'T CODE ANN. § 2001 (Administrative Procedure Act); 1 TEX. ADMIN. CODE § 159 (State Office of Admin. Hearings, Rules of Proced. for Admin. License Susp. Hearings); 37 TEX. ADMIN. CODE § 17 (2023) (Tex. Dep't of Pub. Safety, Admin. License Revoc.).
[2] CR at 18.
[3] CR at 26-34.

**ISSUE PRESENTED**

Police Reports are admissible in Administrative License Revocation, "ALR," hearings as an exception to hearsay. In this case, the ALJ properly considered a DWI case report after it was entered into evidence. Saintes argued before the trial court that a police report must be both sworn and incorporated into the DIC-23 Peace Officer's Sworn Report to be admissible. Did the trial court err in finding that an unsworn and unincorporated offense report was improperly considered?

4

**STATEMENT OF FACTS**

*Saintes's Arrest*

On February 4, 2024, at approximately 12:48 AM, Trooper Joseph Brechtel of the Texas Department of Public Safety witnessed a blue Infiniti SUV traveling above the posted speed limit.[4] The trooper activated his rear radar antenna and confirmed that the vehicle's speed at 46 miles per hour in a zone with a posted 35-mile-per-hour speed limit.[5] The trooper then conducted a traffic stop for the traffic violation.[6] Trooper Bretchel identified the driver of the Infinity as Bryan Jason Saintes.[7] During the traffic stop, Trooper Bretchel smelled the odor of metabolized alcohol emanating from the inside of the vehicle.[8] Saintes admitted that he had consumed multiple alcoholic beverages before driving his vehicle.[9]

Trooper Bretchel conducted standardized field sobriety tests (SFSTs) on Saintes and observed all six possible signs of intoxication on the Horizontal

---

[4] TR at 49.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

Gaze Nystagmus (HGN) test, all four signs on the One-Legged Stand test, and two of four signs on the Walk and Turn test.[10]

Based on these facts, Trooper Bretchel arrested Saintes for driving while intoxicated (DWI).[11] Trooper Bretchel read Saintes the DIC-24 Statutory Warning and requested a specimen of breath, which Saintes refused.[12] Saintes further refused to sign the DIC-24 Statutory Warning, as indicated on the face of the document.[13]

### *The Administrative Hearing*

On May 7, 2024, an ALR hearing was scheduled on Saintes's case.[14] Saintes's counsel had subpoenaed Trooper Bretchel to appear at the hearing, and he did so.[15] The Department entered its exhibits into the record and rested.[16] The Department's Exhibit 4 was admitted over the objection of defense counsel, who argued that it was incomplete as it was neither incorporated into Exhibit 1 nor sworn to.

---

[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id* at 45.
[14] *Id* at 37.
[15] *Id* at 40.
[16] *Id* at 39.

6

On May 9, 2024, the ALJ issued her final order, finding in favor of the Department on all issues and authorizing the suspension of Saintes's license for a period of 180 days.[17] On May 30, 2024, Saintes appealed the decision.[18]

### *Review by the Trial Court*

On July 25, 2024, the trial court held a hearing to determine the appeal.[19] During the hearing, counsel for Saintes, now the appellant, again asserted their legal theory that the DIC-23 requires the officer's sworn report to be incorporated into it to be admissible as an exhibit.[20]

The Department countered by arguing that Exhibit 4, the offense report, while not incorporated in the DIC-23 (admitted as Exhibit 1 with no objection), was admissible on its own merits as a public record pursuant to TEX. R. OF EVID. 803(8).[21] Also, there is no requirement that public records be sworn to be admissible.[22] Further, the Department argued that reports, such as the DWI Case Report, written and signed by Trooper Bretchel, and offered at Exhibit 4, are generally deemed trustworthy as established in *Tex. Dep't of*

---

[17] CR at 12.
[18] *Id* at 6.
[19] RR at 1.
[20] *Id* at 4-8.
[21] *Id* at 10.
[22] TEX. R. OF EVID. 803(8).

*Pub. Safety v. Caruana*, 363 S.W.3d 558 (Tex. 2012) (holding that an officer's failure to swear to arrest report did not deprive it of assurance of veracity or render it inadmissible).[23]

On July 25, 2024, the trial court found that the admission of evidence, [Exhibit 4] by the ALJ was improper.[24] The trial court stated, "…the consideration of the unsworn and unincorporated offense report was error sufficient to justify overruling the Administrative Order of Suspension."[25] The trial court further found "…the Offense Report was not incorporated specifically in the sworn DIC-23 and cannot be considered incorporated by implication since the incorporation option of the DIC-23 was deliberately not selected."[26] The trial court reversed the administrative decision and ordered the Department to reinstate Saintes's license.[27]

On August 26, 2024, the Department perfected this appeal.

---

[23] RR at 10-11 and *Tex. Dep't of Pub. Safety v. Caruana*, 363 S.W.3d 558 (Tex. 2012).
[24] CR at 18 and TR at 39 and 48.
[25] *Id.*
[26] *Id.*
[27] *Id.*

## SUMMARY OF THE ARGUMENT

Unsworn police reports are admissible as evidence in administrative hearings. The value of these reports varies depending on factors assessed by the trier of fact. While discrepancies in the reports may raise concerns about their overall reliability, such discrepancies do not automatically disqualify them from being admissible. Ultimately, it is the trier of fact's responsibility to determine the report's weight and credibility.

The finding of the trial court is contrary to established law. The admissibility of an officer's report as evidence in administrative hearings is conditioned on its status and as a public record. Unsworn police reports are admissible both as an exception to hearsay as well as under SOAH's administrative rules. Exclusion of a report created by a police officer, because it is unsworn or unincorporated, is not proper by the trial court.

The form of a police officer's report does not negate its function. Once admitted, it is the duty of the trier of fact to determine the weight to be given the evidence. In this case, the police report was properly admitted by the trier of fact, who then relied upon its contents to determine its credibility. The trial court erred in finding that an unsworn, unincorporated offense report was

improperly considered, and then reversing the administrative decision based on the error.

**Substantial Evidence Standard of Review**

Courts review Administrative License Revocation cases under the substantial evidence standard of review.[28] Under substantial evidence review, the administrative decision may not be reversed or remanded unless it prejudices the substantial rights of the appellant, and the "administrative findings, inferences, conclusions, or decisions" are:

(A)   In violation of a constitutional or statutory provision;
(B)   In excess of the agency's statutory authority;
(C)   Made through unlawful procedure;
(D)   Affected by other error of law;
(E)   Not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
(F)   Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.[29]

Whether there is substantial evidence to support an agency's decision is a question of law.[30] Appellate review of an agency's decision is deferential and constrained to the record—any evidence or some reasonable basis for the action taken by the agency is enough to withstand scrutiny.[31] An agency's

---

[28] TEX. GOV'T CODE ANN. § 2001.174; *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999) (per curiam).
[29] Tex. Gov't Code Ann § 2001.174.
[30] *Tex. Comm. on Env. Quality v. Maverick Cty*, 642 S.W.3d 537, 547 (Tex. 2022).
[31] *Id*. at 544, 547.

11

"findings, inferences, conclusions, and decisions . . . are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise."[32]

The primary issue, in this case, is whether the trial court abused its discretion when it found that the ALJ committed reversible error by admitting and considering the unsworn and unincorporated offense report, thus overruling and invalidating the administrative order.[33] A trial court's exercise of discretion is legally erroneous, constituting reversible error when it arrives at its choice in violation of an applicable legal rule, principle, or criterion.[34]

---

[32] *Tex. Health Facilities Comm'n v. Charter Med.-Dall., Inc.*, 665 S.W.2d 446, 453 (Tex. 1984).

[33] CR at 18.

[34] *Reyna v. Reyna*, 738 S.W.2d 772, 774–775 (Tex. App.—Austin 1987, no writ). *See also Gardner v. Gardner*, 229 S.W.3d 747, 751 (Tex. App.—San Antonio 2007, no pet.)

## ISSUE ONE

### (Restated)

Police Reports are admissible in Administrative License Revocation, "ALR," hearings as an exception to hearsay. In this case, the ALJ properly considered a DWI case report after it was entered into evidence. Saintes argued before the trial court that a police report must be both sworn and incorporated into the DIC-23 Peace Officer's Sworn Report to be admissible. Did the trial court err in finding that an unsworn and unincorporated offense report was improperly considered?

## ARGUMENT AND AUTHORITIES

**A.    Unsworn or unincorporated police reports are admissible and can be used as evidence in administrative hearings.**

Unsworn police reports are regarded as an exception to hearsay and admissible in administrative hearings as public records.[35] The hearsay exception exists because police officers are public officials with a duty to report, and the threat of criminal penalties for making false statements in a government record acts as a deterrent to fabrication.[36] Generally, police reports are admissible in administrative hearings unless proven untrustworthy.[37] The party opposing the report's admission must prove its

---

[35] Tex. R. of Evid. 803(8).
[36] *Id.*
[37] *Id.*

13

untrustworthiness.[38] This determination is not based on the credibility of the report itself or the testimony contained in the report but rather on the report's reliability considering the sources of information and other circumstances.[39]

In this case, a police report was offered into evidence at the administrative hearing by the Department as Exhibit 4.[40] Saintes objected, but no evidence was offered to indicate that the report was untrustworthy.[41]

The sole objection during the ALR hearing was that the Exhibit, in the form of a DWI Case Report, was unsworn and unincorporated into the DIC-23 Peace Officer's Sworn Report.[42] The ALJ admitted the Exhibit over objection.[43] It is the position of the Department that it was admissible and properly considered.

It has been adjudicated that the "ALJ has discretion to consider whether an officer's failure to swear to a report casts doubt on the facts stated in it or was merely on oversight."[44]

---

[38] *Id.*

[39] *Tex. Dep't of Pub. Safety v. Todd*, No. 05–13–01198–CV, 2014 WL 2628139 (Tex. App.—Dallas 2014 (citing *Lozano v. State*, 359 S.W.3d 790 (Tex. App.—Fort Worth 2012)).

[40] TR at 37-40

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] *Caruana*, 363 S.W. 3d 558 at 564.

In *Tex. Dep't of Pub. Safety v. Caruana*, the Court explored a situation substantially similar to the one presented in this case.[45] An unsworn police report was relied upon in making the administrative decision to suspend a driver's license, and the trial court reversed that decision. The Court noted that in an administrative license suspension case governed by chapter 724 of the Texas Transportation Code, "an arresting officer must only *"make a written report of the refusal"* for the department"(emphasis added) and [the statute] does not require that it be sworn.[46] The court went on to say that "By [SOAH] expressly providing for the admission of sworn reports… [it] does not imply that unsworn reports are inadmissible."[47]

Further, in *Tex. Dep't of Pub. Safety v. Cardenas*, the court, while following *Caruana*, found that an affidavit made by the stopping officer, which is not incorporated into the arresting officer's sworn report, is independently admissible under TEX. R. OF EVID 803(8).[48]

The facts of this case are substantially similar to both *Caruana* and *Cardenas*. Here, Saintes's license suspension case was also governed by

---

[45] *Caruana,* 363 S.W. 3d 558, 559.
[46] *Id*.
[47] *Caruana*, 363 S.W. 3d 558, 561 and 1 TEX. ADMIN. CODE § 159.23.
[48] *Tex. Dep't of Pub. Safety v. Cardenas*, No. 13–15–00091–CV, 2015 WL 4593517 (Tex. App.—Corpus Christi 2015), 4 and TEX. R. OF EVID. 803(8).

Chapter 724 of the Texas Transportation Code and was presented as a refusal.[49] The arresting officer made a report, which was offered into evidence, admitted, and considered as to its weight by the trier of fact.[50]

*Caruana* established that unsworn police reports are admissible in administrative hearings, and *Cardenas* followed in finding that unincorporated police reports were also admissible under TEX. R. OF EVID 803(8).[51]

In this case, the ALJ made specific factual findings based on the evidence admitted, and the evidence in the administrative record supports the same. The trial court erred in finding that the trier of fact improperly considered an unsworn and unincorporated police report.

**B.** **SOAH expressly allows for the admission of an officer's report of relevant information and does not specify the form that information should take**.

SOAH's rules expressly state that the admissibility of an officer's report is conditioned on its status as a public record.[52] This closely follows the hearsay exception granted to police reports, as discussed earlier. SOAH's

---

[49] TR at 009.
[50] *Id.*
[51] *Caruana*, 363 S.W. 3d 558 and *Cardenas*, No. 13–15–00091–CV, 2015 WL 4593517 at 4.
[52] 1 TEX. ADMIN. CODE § 159.211 (c)(2).

administrative rules do not require an officer's report to be the equivalent of a sworn affidavit to be admissible in ALR hearings, nor does it specify any specific form that it should take, only that it be a report of "relevant information."[53] In administrative license revocation hearings, the ALJ is the fact finder and the sole judge of the credibility of the witnesses and evidentiary testimony. Therefore, the ALJ would be in the best position to determine whether an officer's report contained relevant information.[54]

In this case, the ALJ correctly concluded that a police report, offered as an Exhibit by the Department, contained relevant information and was therefore admissible. This report was properly considered by the ALJ when making findings of fact based on the evidence as supported by the administrative record. The trial court erred in finding that this report was improperly considered, and its order should be reversed, and the administrative decision be reinstated.

---

[53] *Id.*

[54] *Tex. Dep't of Pub. Safety v. Castro*, 406 S.W.3d 782 (Tex. App.—El Paso 2013, no pet.).

## CONCLUSION

Police reports take many forms and are admissible as evidence in administrative hearings as an exception to hearsay under TEX. R. OF EVID. 803(8). The court has recognized that both unsworn and unincorporated police reports are admissible as they are reports made by public officials with a duty to report and are generally trustworthy unless proven otherwise.

In ALR hearings, it is the responsibility of the trier of fact to determine the admissibility of evidence. Once admitted, the trier of fact has a duty to determine the weight to give such evidence based on its contents and to determine its credibility.

Here, an unsworn and unincorporated police report was admitted as evidence by the ALJ over objection. No argument was made as to the trustworthiness of the report, but only to its form. The ALJ relied on the contents of the report to determine its credibility and properly considered it in making the decision to suspend Saintes's license.

The trial court erred in determining that the offense report was improperly considered by the trier of fact. The judgment of the trial court should be revered, and the administrative decision of the ALJ should be affirmed.

18

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Department respectfully prays that this Honorable Court reverse the order of the County Court at Law No. 2 and affirm the administrative order of May 9, 2024, sustaining the Department's suspension of Saintes's driver license. The Department further prays that it recover the costs of this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 8.02 (Vernon 2017).

Respectfully Submitted,

*/s/ Elizabeth Dupuy*

ELIZABETH DUPUY
Staff Attorney,
ALR Appellate Section
SBN 24056369
P.O. Box 15327
Austin, Texas 78761-5327
Tel:   (512) 424-5193
Fax:   (512) 424-5221
Elizabeth.Dupuy@dps.texas.gov

ATTORNEY FOR APPELLANT
TEX. DEP'T OF PUB. SAFETY

## CERTIFICATE OF COMPLIANCE

I certify that this document was prepared with Microsoft Word, and that, according to that program's word-count function, the sections covered by TEX. R. APP. P. 9.4(i)(1) contain <u>2149</u> words.

Respectfully Submitted,

/s/    *Elizabeth Dupuy*

ELIZABETH DUPUY


## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the above and foregoing Appellant's Brief by email, per TEX. R. APP. P. 9.5(b)(1), to David Breston, counsel of record for Appellee, Bryan Jason Saintes, at DAVID@DAVIDBRESTON.COM, on January 7, 2025.

Respectfully Submitted,

/s/    *Elizabeth Dupuy*

ELIZABETH DUPUY

**INDEX OF APPENDICES**

TAB A
      Order of July 25, 2024, County Court at Law No. 2,
          Honorable Robert Mayfield, presiding.

TAB B
      Administrative Decision of May 9, 2024,
          Honorable Roshunda Atchison, presiding.

CV-93124

BRYAN JASON SAINTES          *        IN COUNTY COURT AT LAW NO. 2

                             *

VS.                          *

                             *

TEXAS DEPARTMENT OF          *

PUBLIC SAFETY                *        OF GALVESTON COUNTY, TEXAS


## ORDER

The Court having considered the Record of the Administrative Hearing and the arguments of Counsel finds that the unsworn offense report was improperly considered by the Administrative Judge. This consideration of the unsworn and unincorporated offense report was error sufficient to justify the overruling of the Administrative Order of Suspension and this Court hereby does invalidate said ruling. The Offense Report was not incorporated specifically in the sworn DIC-23 and cannot be considered incorporated by implication since the incorporation option of the DIC-23 was deliberately not selected.

This ruling is specifically not a finding of lack of probable cause for arrest. It is a finding that the admission of evidence considered by the Administrative Judge was improper.

Signed this the 25th day of July, 2024,

_____

Judge Robert Mayfield, Judge Presiding


FILED

2024 JUL 26 PM 2:40

COUNTY CLERK
GALVESTON COUNTY TEXAS

Page 18

STATE OFFICE OF ADMINISTRATIVE HEARINGS RECEIVED ON 5/9/2024 11:02 AM

FILED
405-24-14809
5/9/2024 11:02 AM
STATE OFFICE OF
ADMINISTRATIVE HEARINGS
Matilda Salas, CLERK

ACCEPTED
405-24-14809
5/9/2024 11:05:54 am
STATE OFFICE OF
ADMINISTRATIVE HEARINGS
Matilda Salas, CLERK

**SOAH Docket No. 405-24-14809**        **Suffix: ALR**

# BEFORE THE
# STATE OFFICE OF ADMINISTRATIVE HEARINGS

---

### TEXAS DEPARTMENT OF PUBLIC SAFETY,
PLAINTIFF

v.

### BRYAN JASON SAINTES,
DEFENDANT

---

## ADMINISTRATIVE DECISION

On May 7, 2024, the Department and Defendant appeared personally or through counsel and announced ready. The Department's Exhibits 1 through 3 were admitted. Having heard and considered the evidence, the Administrative Law Judge (ALJ) finds that the State Office of Administrative Hearings has jurisdiction over this cause and further finds the facts below were proven by a preponderance of the evidence:

Page 10

# EXHIBIT A

## I. FINDINGS OF FACT

1. On February 4, 2024, reasonable suspicion to stop Defendant existed in that Trooper Brechtel observed the Defendant operating a motor vehicle on Broadway near 49th Street in Galveston, Galveston County, Texas that traveled 46mph in a 35mph speed zone.

2. On the same date, probable cause to arrest Defendant existed in that there was probable cause to believe Defendant was operating a motor vehicle in a public place while intoxicated, because in addition to the facts in No. 1, Trooper Brechtel observed that Defendant:

   - admitted to drinking an alcoholic beverage prior to the stop;
   - had a strong odor of an alcoholic beverage on his breath and person;
   - had droopy eyelids, a heavy-footed walk, and slow mumbled speech;
   - on the Horizontal Gaze Nystagmus test, in both eyes, lacked smooth pursuit, had distinct and sustained nystagmus at maximum deviation, and had onset of nystagmus prior to 45 degrees;
   - on the Walk and Turn test, lost balance during instructions, failed to touch heel to toe, took the wrong number of steps, and stepped off line;
   - and on the One Leg Stand test, swayed and put his foot down.

3. Defendant was operating the motor vehicle in a public place in Galveston County, Texas.

4. Defendant was placed under arrest and properly asked to submit a specimen of breath or blood.

5. After being requested to submit a specimen of breath or blood, Defendant refused.

2

## II. CONCLUSIONS OF LAW

Based on the foregoing, the ALJ concludes the Department proved the issues set out in Texas Transportation Code § 724.042 and that Defendant's license is subject to a suspension or denial for **180 days**, pursuant to Texas Transportation Code § 724.035. In accordance with the above findings and conclusions, the ALJ hereby enters the following order.

## III. ORDER

The Department is authorized to suspend or deny Defendant's driving privileges for the period indicated above. This decision may be appealed, pursuant to Texas Transportation Code §§ 724.047 and 524.041 and 1 Texas Administrative Code § 159.255.

**SIGNED May 9, 2024**

ALJ Signature:

Roshunda Atchison,
Presiding Administrative Law Judge

3

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 95931452
Filing Code Description: Brief Requesting Oral Argument
Filing Description: 152400092CV; SAINTES; APPELLANTS BRIEF
Status as of 1/7/2025 11:51 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| D'na Collins | 24087326 | dna.collins@dps.texas.gov | 1/7/2025 11:18:13 AM | SENT |
| David Breston | 90001478 | david@davidbreston.com | 1/7/2025 11:18:13 AM | SENT |
| Chris Bingham | | houstoncontractparalegalservices@yahoo.com | 1/7/2025 11:18:13 AM | SENT |
| ALR APPEALS | | ALR_Appeals@dps.texas.gov | 1/7/2025 11:18:13 AM | SENT |
| Elizabeth AnneDupuy | | elizabeth.dupuy@dps.texas.gov | 1/7/2025 11:18:13 AM | SENT |
| LaKisha SeldonMcKay | | lakisha.mckay@dps.texas.gov | 1/7/2025 11:18:13 AM | ERROR |